**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JUAN JOSE CARDONA ELIAS,

Petitioner,

v.

CHRISTOPHER LAROSE, *et al.*,

Respondents.

Case No. 26-cv-04874-BAS-MMP

**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 11)**

Petitioner Juan Jose Cardona Elias filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged and arguing that all Immigration Judges are compromised and unable to render fair and impartial decisions. (ECF No. 11.) The Government opposes, arguing Petitioner is mandatorily detained under 8 U.S.C. § 1231. (ECF No. 14.) Petitioner files a Traverse. (ECF No. 15.) For the reasons stated below, the Court **GRANTS** the Petition to the extent Petitioner argues his detention has been arbitrarily and unreasonably prolonged but orders a bond hearing before an Immigration Judge.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Mexico, was ordered removed from the United States on April 4, 1993. (ECF No. 14.) He has a lengthy criminal record including convictions for battery, sale of marijuana, first degree burglary, illegal entry, tampering with a vehicle, petty theft, and possession of a dangerous weapon. (*Id.*) After removal, he reentered the United States on September 20, 2023. (*Id.*) He claimed a reasonable fear of returning to Mexico, so he was placed in withholding only proceedings, and on March 29, 2024, was released on bond. (*Id.*)

On February 28, 2025, Immigration and Customs Enforcement ("ICE") re-detained Petitioner. (*Id.*) On March 6, 2025, an Immigration Judge denied Petitioner's request for deferral of removal under the Convention Against Torture ("CAT"). Petitioner appealed to the Board of Immigration Appeals ("BIA"), and on October 3, 2025, the BIA denied Petitioner's appeal. Petitioner has now appealed to the Ninth Circuit, where his case remains open.

## III. ANALYSIS

The Court agrees with the Government that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231. *See Johnson v. Guzman-Chavez*, 594 U.S. 523, 534–35 (2021) (holding a reinstated removal order is administratively final despite pending appeal). However, the Court also finds that immigration detention without a bond hearing

can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

In this case, Petitioner has been detained for over nineteen months without a bond hearing. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 880 (E.D. Cal. 2022) (reasoning detention of over one year supports the argument that the detention has been arbitrarily and unreasonably prolonged). The delay does not appear attributable to any actions on Petitioner's part. Instead, the delay largely appears to have been caused by the twelve months his appeal has been pending before the Ninth Circuit. Hence, the Court **GRANTS IN PART** the Petition to the extent it requests that a bond hearing be held before an Immigration Judge. However, the Court finds insufficient evidence to support Petitioner's claim that the neutrality of all Immigration Judges in the Southern District of California has been compromised such that Petitioner should be immediately released.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** a bond hearing before an Immigration Judge for Juan Jose Cardona Elias within 14 days of the date of this Order. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Court also **DENIES AS MOOT** the Motion for a Temporary Restraining Order. (ECF No. 3.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: October 8, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**